CHARLES ROBINSON, APPELLANT, *v.* JOHN H. COMER, RESPONDENT.

*Bill of particulars — when ordered in action for conversion.*

The complaint in this action alleged that in or about the years 1876 and 1877, this plaintiff was the lawful owner of, and entitled to, the quiet and peaceable possession of certain goods, chattels and personal property, of the value of $5,000, and that the same were wrongfully taken and carried away by the defendant herein and converted to his own use.

*Held,* that the action was a proper one in which to order a bill of particulars.

APPEAL from an order made at the Special Term, directing that a bill of particulars of the goods, chattels and personal property referred to in the complaint in this action, be furnished to the defendant.

The action was brought to recover damages for the conversion of personal property belonging to the plaintiff. The complaint alleged, among other things, that heretofore, to wit, in or about the years 1876 and 1877, this plaintiff was the lawful owner of, and entitled to, the quiet and peaceable possession of certain goods, chattels and personal property, of the value of $5,000, then being at the town of Goshen, in said county of Orange.

That subsequently, and in or about the years 1876 and 1877, the said goods, chattels and personal property so owned by, and belonging to this plaintiff as aforesaid, were, at the said town of Goshen, in said county of Orange, wrongfully and unlawfully taken and carried away by the defendant herein, and wrongfully and unlawfully converted to his own use by him, to this plaintiff's damage, $5,000.

*Bacon & Duryea,* for the appellant.

*Winfield, Leeds & Morse,* for the respondent.

BARNARD, P. J. :

The papers in this case disclose a clear case where it is proper to order a bill of particulars. The complaint alleges a wrongful taking and conversion of property belonging to plaintiff. There is no

designation of what the property is, or where the taking is made, except in an averment of the most general character, as follows :

"In or about the years 1876 and 1877, this plaintiff was the lawful owner, and entitled to the quiet possession, of certain goods, chattels and personal property, of the value of five thousand dollars," that, "subsequently and in or about the years 1876 and 1877 the said goods, chattels and personal property," were wrongfully converted by defendant, to his own use. It is manifest that this language fails to indicate any particular claim which a defendant can meet. But two reasons are suggested, why the bill of particulars should not be granted. The defendant asks in his affidavit, a bill of particulars to enable him to answer other actions subsequently commenced. The plaintiff insists that the defendant can answer the other actions without this bill of particulars. The items of the other actions are stated particularly. If the defendant has given a wrong reason for asking the bill of particulars, that should not prejudice his right. If, as defendant claims, the large indefinite claim in the first action, in fact, includes the same items as are included in each of the three subsequent actions, the defendant should have a bill of particulars, to enable him to answer this action.

The second reason urged why a bill of particulars should not be granted is, that defendant already knew what the claim is ; he knows what he has converted to his own use. If this were so, it would be an unanswerable reason, but the defendant denies it. Until the trial, it cannot be known by a court, whether the defendant has converted the property or not.

As the pleadings stand, and before a trial, it cannot be said that a person charged with a trespass is guilty, and that a general claim for conversion of a large amount of property cannot be the subject of a bill of particulars, because of the defendant's knowledge of what property he converted, and, therefore, of what the specific claim is.

The order should be affirmed, with costs and disbursements.

DYKMAN, J., concurred ; GILBERT, J., not sitting.

Order affirmed, with costs and disbursements.